GASKINS v. THE STATE OF OHIO.

*Evidence—Impeachment of witnesses—Foundation to be laid and examination of impeaching witnesses limited thereto— Cross-examination of impeaching witness not limited to impeaching testimony—Abortion—Decedent's statements, naming doctor performing operation, admissible as dying declarations.*

1. Witness sought to be impeached must be questioned as to time, place, and persons involved in supposed contradiction and whether such statement was made, and, when impeachment witness is called, party calling him cannot inquire as to any other facts except those relied on to effect impeachment.
2. In prosecution for abortion resulting in death, admission in evidence as dying declaration of testimony that deceased had twice declared that she was going to die, that she did not wish to deceive witness, and that doctor whom she named had opened her womb, was not error.
3. In prosecution for abortion resulting in death, cross-examination of impeaching witness which went beyond matter testified to for purpose of impeachment and tended to connect accused with offense was not error.

(Decided June 20, 1927.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Nichols, Speidel & Nichols,* and *Messrs. Nichols, Morrill, Stewart & Ginter,* for plaintiff in error.

*Mr. Charles P. Taft, II,* prosecuting attorney, and *Mr. Walter K. Sibbald,* for defendant in error.

CUSHING, J. J. C. Gaskins was indicted, tried, and convicted for having produced an abortion upon Norena Richardson, which resulted in her death.

It is claimed the trial court erred in permitting Mary Parman to testify to what she said was the dying declaration of Mrs. Richardson, and in permitting counsel for the state to cross-examine Mary E. Foote, when she was called in rebuttal to contradict the statements made by Mrs. Parman.

Mrs. Parman's testimony, in part, is as follows:

"Q. What did she say to you about her condition? A. She says, 'I am going to die, and I want to tell you the truth. I don't want to die deceiving you, that he opened my womb,' and that is why she was in such pain.

"Q. Who did she say she meant? Did she mention any name? A. Dr. Gaskins.

"Q. Did she mention his name? A. Yes, sir.

"Q. Did she say to you more than once that she was going to die? A. Twice while I was there."

In laying the foundation for contradicting Mrs. Parman, counsel for defendant asked:

"Q. Was not the statement you made to the coroner, and the only statement you made with reference to that to the coroner, that she said,

'I don't think I will pull through it,' and 'I am afraid I am going to die'? A. No, sir.

"Q. You didn't say to the coroner at the inquest that is what Mrs. Richardson told you? A. No, sir.

"Q. Didn't you state in the presence of the court, when you were examined, without the jury, that you had said that to the coroner? A. She told me.

\* \* \*

"Q. That is not the question. I am asking, Did you state that that is what you said to the coroner? A. No, sir."

Mary E. Foote was then called as a witness, to testify to being a stenographer in the coroner's office. She testified that she had the carbon copy of the original transcript. The witness was asked:

"Q. I will ask you whether Mrs. Parman at any time in her testimony that day made the statement that Mrs. Richardson told her, 'I am going to die.' If you can't recall it, I will ask you to look over your notes for the purpose of refreshing your recollection."

After refreshing her recollection from her notes, witness replied: "A. I don't recall definitely what she said. I do not find the exact words you mentioned."

She was then asked on cross-examination: "Q. What do your notes show? A. 'Don't tell Mama, I don't think I will pull through it. I went down that day to have an abortion performed.'"

In answer to another question, witness said: "A. She said 'I will tell you what is the matter with me. You know that day we went to the doctor; he did it then. I am afraid I am going to die; I never felt so badly before. I went to Dr. Gaskins that day.'"

This last answer was brought out on cross-examination of the witness Foote, and it is claimed that that is error, as it was not limited to impeaching testimony.

The rule as stated in *King* v. *Wicks, Jr.*, 20 Ohio, 87, 88, is that, when you desire to impeach a witness, the witness to be impeached must be asked as to the time, place, and persons involved in the supposed contradiction, and whether such statement was made. When the impeaching witness is called, the party calling him cannot inquire as to any other facts excepting those relied on to effect the impeachment. That rule has been followed in many cases, and correctly states the law of Ohio.

The state, in testing the credibility of the witness Foote, sought to bring out all that her notes showed, and in so doing directly connected Dr. Gaskins with the offense charged. The defendant sought to impeach the witness Parman, and carefully conducted the examination within the rule stated, and no authority is cited to the effect that on cross-examination of the impeaching witness questions must be limited, as they are when impeachment is sought.

In the case of *Cleveland Electric Ry. Co.* v. *Boltz*, 16 C. C., (N. S.), 383, at p. 386, the court criticized the trial court for not permitting the cross-examination of an impeaching witness.

The testimony of the witness Parman brought the examination within the rule stated in *Robbins* v. *State*, 8 Ohio St., 131, and the trial court, in the absence of the jury, examined Mary Parman as to the admissibility of the dying declaration to which she testified.

From the record, we cannot say that the court

erred in permitting her to testify to the dying declaration, and in submitting that testimony to the jury.

The cross-examination of the witness Foote by the state came within the rule above stated, and our conclusion is that the verdict is supported by sufficient evidence and that there are no errors prejudicial to the plaintiff in error. The judgment will therefore be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., concurs.
BUCHWALTER, J., not participating.